IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DERRICK YATES                                                                                    PLAINTIFF

vs.                                          Civil No. 4:12-cv-04098

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Derrick Yates ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff filed his disability application on March 12, 2010. (Tr. 17, 138-139). In his application, Plaintiff alleges being disabled due to left and right shoulder injuries and neck and back problems. (Tr. 167). Plaintiff alleges an onset date of May 20, 2008. (Tr. 17). This application was denied initially and again on reconsideration. (Tr. 61-62).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 81-134). An administrative hearing was held on April 15, 2011 in

Texarkana, Arkansas. (Tr. 32-60). At the administrative hearing, Plaintiff was present and was represented by Nelson Shaw. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Bowden[1] testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 36). Plaintiff also testified at the administrative hearing in this matter that he had only completed the eleventh grade in school and did not obtain his GED. *Id.*

On June 22, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 17-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 20, 2008, his alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post bilateral shoulder injuries and cervical and lumbar disc disease. (Tr. 19, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 20-24, Finding 5). In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to the extent he alleged. *Id.* Second, the ALJ found Plaintiff retained the capacity for the following:

> After careful consideration of the entire record, the undersigned finds that except for brief periods following his surgeries, the claimant has had the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b).

---

[1] Mr. Bowden's first name was not included in the hearing transcript. (Tr. 32-60).

> The claimant requires the ability to change positions every hour for 2-3 minutes; stooping limited to occasional; no climbing of ropes, ladders or scaffolds; and only occasional pushing and pulling with the arms. In addition, the undersigned finds that due to his medications (as opposed to a medical condition) he is limited to simple instructions only with moderate limitation in maintaining attention and concentration.

*Id.*

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24-25, Finding 6). The ALJ determined Plaintiff's PRW included work as an electrical lineman. *Id.* Based upon his RFC, the ALJ determined Plaintiff did not retain the capacity to perform this PRW. *Id.* The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Specifically, the VE testified that considering his age, education, work experience, and RFC, Plaintiff retained the capacity to perform representative light occupations such as office helper, mail clerk, and general office clerk with 130,000 such jobs in the region and 1,300,000 such jobs in the United States. (Tr. 25). The VE also testified Plaintiff could perform representative sedentary occupations such as telephone quotation clerk with 2,400 such jobs in the region and 24,000 such jobs in the United States; order clerk with 2,200 such jobs in the region and 22,000 such jobs in the United States; and address clerk with 1,200 such jobs in the region and 12,000 such jobs in the United States. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined by the Act from his alleged onset date or from May 20, 2008 through the date of the ALJ's decision or through June 22, 2011. (Tr. 26, Finding 11).

Thereafter, on July 9, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 12). On July 19, 2012, the Appeals Council declined to review this

disability determination. (Tr. 1-3). On August 15, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 6, 9. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her

disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (1) the ALJ erred in finding his impairments did not meet the requirements of Listings 1.02 and 1.04; (2) the ALJ erred in failing to consider his allegations of pain; (3) the ALJ did not give proper weight to the opinions of his treating physicians; and (4) the ALJ erred in presenting hypothetical questions to the VE. ECF No. 6. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluated Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

5

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and stating valid reasons for discounting Plaintiff's subjective complaints, the ALJ instead focused upon whether Plaintiff's subjective complaints were supported by his medical records and by his appearance and demeanor at the administrative hearing. (Tr. 20-24). Specifically, in discounting Plaintiff's subjective complaints, the ALJ noted the following:

> The undersigned finds that the claimant is not fully credible because, contrary to his hearing testimony, he has been cleared to go back to various forms of work by physicians at various times, yet has not attempted to work. The claimant does not take an inordinate amount of medications. He did not have the appearance of an individual in severe, chronic pain at the hearing and did not require an assistive device or sling. The medical expert assigned the physical limitations in my RFC finding after reviewing virtually the entire record. Further, no doctor has reported that the claimant is totally and permanently disabled.

(Tr. 24).

The ALJ's decision to discount Plaintiff's subjective complaints based upon his determination that those subjective complaints were not supported by the medical evidence and were not supported by Plaintiff's demeanor and appearance at the hearing was improper. *Polaski,* 739 F.2d at 1322. Indeed, one physician who had "cleared" Plaintiff to go back to work and found he was at that time not experiencing any right shoulder pain later reexamined Plaintiff and found his right shoulder pain had returned. (Tr. 355-356). The ALJ did not consider this fact in his decision to discount Plaintiff's subjective complaints, and it also appears the ALJ did not fully account for this right shoulder pain when assessing Plaintiff's RFC. (Tr. 20-24). Further, it is telling that instead of performing an independent *Polaski* evaluating, it appears ALJ based his RFC determination and credibility determination upon the findings of a "medical expert" who had not examined Plaintiff but had

reviewed "virtually the entire record." *Id.* Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[3]

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  See *Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **18th day of June 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints.  This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.